UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 18-50747

WILLIAM SASSANELLI, and               Chapter 13
KELLIE SASSANELLI,

                                                    Judge Thomas J. Tucker

               Debtors.
_____/

### ORDER DENYING, WITHOUT PREJUDICE, MOTION TO EXCUSE THE REQUIREMENTS THAT DEBTOR WILLIAM SASSANELLI FILE OFFICIAL FORM 423 AND THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS

      This case is before the Court on a motion purportedly filed by both of the Debtors, entitled "Motion to Excuse the Requirements That Co-Debtor, William Sassanelli, File Official Form 423 and the Certification Regarding Domestic Support Obligations" (Docket # 84, the "Motion"). The Motion seeks a waiver of certain filing requirements of the Debtor William Sassanelli, but the Motion also states that "Co-Debtor, William Sassanelli, passed away on October 16, 2020." (Motion at ¶ 3.)

      The Motion must be denied because it was not filed by or on behalf of anyone with standing to seek the relief sought. The Motion was filed by the Debtor Kellie Sassanelli, but the Motion does not show that Kellie Sassanelli has standing or authority to file a motion on behalf of the deceased debtor.

      Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, William Sassanelli. *See In re Pack*, No. 18-48350, 2021 WL 4927556 (Bankr. E.D. Mich., October 21, 2021); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

      The Motion does not allege or demonstrate that Kellie Sassanelli is the personal

representative of the deceased Debtor William Sassanelli.

    Accordingly,

    IT IS ORDERED that the Motion (Docket # 84) is denied.

    IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on January 24, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**